# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WARNER, TROY WARNER, SHAD WARNER, NICOLE WARNER, ERICA IWASCKIEWICZ, AND IWO IWASCKIEWICZ,<br><br>            Plaintiffs,<br>   v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>            Defendants. | Case No. 10cv1057 BTM(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

Defendants have filed a motion to dismiss certain of the claims asserted in Plaintiffs' Complaint. For the reasons discussed below, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

The following facts are taken from the Complaint, and the Court makes no finding as to the truthfulness of the allegations.

On April 26, 2009, James Warner was having a get-together at his house with family and friends, including Troy Warner, Shad Warner, Nicole Warner, Erica Iwasckiewicz, and Iwo Iwasckiewicz. (Compl. ¶ 12.) That afternoon, a neighbor, Michael May, called the Sheriff's department, claiming that James Warner's son, Jacob, was playing music too loud

in his car. (Compl. ¶ 13.)  When Sheriff's deputies arrived at the Warner residence, there was no music playing and the deputies left. (Id.)

Later, at 7:52 p.m., Deputy Zachary Harris arrived to investigate the noise complaint. (Compl. ¶ 14.) Harris took a statement from May, who claimed that around 7:30 p.m., James Warner walked to the end of his driveway and shouted, "I'm going to kick that fat piece of sh__'s ass, as well as that skinny f____." (Id.)

Harris decided that he was going to arrest James Warner for a violation of California Penal Code § 422 (Criminal Threats). (Compl. ¶ 15.)  Harris called for back up support, directing them to bring non-lethal weapons, and also requested a helicopter. (Compl. ¶ 16.)

Sergeant Persichilli and Deputies Byrne, Astorga, Mayordeleon, Julian, Glover, Cantu, Hernandez, Boer, Carlos, Hurtado, and Washington responded. (Compl. ¶ 16.) Deputy Washington forced his way into the house and handcuffed Jacob Warner, a minor. (Compl. ¶ 16.) Deputy Harris and other deputies went in search of James Warner, who was in the backyard in a jacuzzi. (Compl. ¶ 17.) James Warner and several other adults walked toward the back gate to talk to the officers. (Id.) The officers pointed weapons in their direction and locked laser target beams on their bodies. (Compl. ¶ 18.) James Warner was wearing only soaking wet boxers and had his hands in the air. (Id.) Deputy Harris grabbed Warner around the neck, swept his feet out from under him, tasered him, handcuffed him, and took him to a patrol car. (Id.)

In the meantime, family members and friends were yelling to the deputies to find out what was happening. (Compl. ¶ 19.) The deputies opened fire with pepperball rounds, shooting several people and the house. (Id.) The group went into the house and called 911. Each time they tried to go outside to find out what was happening, they were fired upon. (Id.) Deputies forced their way into the house, handcuffed everyone, including some of the children, took them outside in the cold night for hours, eventually releasing all but four. (Id.) One deputy seized a digital camera card out of a camera owned by James Warner. (Id.) Two of Mr. Warner's brothers, Troy and Shad, as well as his sister-in-law, Erica Iwaszkiewicz, were arrested. (Id.)

James, Troy, and Shad Warner were charged with violating California Penal Code §§ 422, 148(a)(1), and 415(3). (Compl. ¶ 20.) Erica Iwaszkiewicz was released with a citation. (Id.) On June 9, 2009, James, Shad and Troy Warner entered a plea of guilty to violating California Penal Code § 415(3) (disturbing the peace). (Compl. ¶ 21.) No factual allegations were admitted in connection with the pleas by Shad and Troy Warner. (Id.) The factual basis for James Warner's plea was yelling out his front door earlier in the day. (Id.)

The Complaint asserts the following claims (1) violation of 42 U.S.C. § 1983 by unlawful search, false arrest and seizure, unlawful detention, excessive force, and conspiracy to deprive civil rights; (2) violation of 42 U.S.C. § 1983 via unlawful policies, customs, or habits; (3) negligence; (4) assault and battery; (5) civil conspiracy; (6) false arrest and imprisonment; (7) violation of Cal. Civ. Code § 52.1.

## II. STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S,Ct. 1937, 1950 (2009) (internal quotation marks omitted).

## III. DISCUSSION

Defendants move to dismiss Plaintiffs' civil conspiracy claim, Cal. Civ. Code § 52.1 claim, and Monell claim for failure to state a claim.  The Court grants Defendants' motion as to the conspiracy claim and Monell claim, but denies the motion as to the § 52.1 claim.

A.  Conspiracy

In their fifth cause of action, Plaintiffs allege that Defendants "combined and agreed to detain Plaintiffs without lawful justification, physically assault, falsely arrest, falsely imprison, falsely book, and maliciously prosecute the Plaintiffs on charges they knew to be untrue and to cover up Defendants' unlawful actions and omissions against the Plaintiffs." (Compl. ¶ 47.)  Plaintiffs allege that Defendants committed acts in furtherance of the conspiracy, including arresting Plaintiffs without probable cause, physically assaulting Plaintiffs, providing false evidence to San Diego Deputy District Attorneys, and declining to investigate Plaintiffs' misconduct claim.  (Compl. ¶¶ 48-49.)

Defendants contend that Plaintiffs cannot bring a conspiracy claim under 42 U.S.C. § 1983, because in the context of § 1983 litigation, conspiracy allegations are used to transmute private action into state action to satisfy § 1983's color of law element.  Defendants argue that there is no private actor in this case and that, therefore, there is no basis for a conspiracy claim.  Defendants misinterpret the law governing conspiracy claims under § 1983. Although conspiracy allegations may establish liability on the part of a private individual when that individual conspires with a state actor, see Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002), conspiracy claims may also be made against two or more state actors.  For example, in Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the Ninth Circuit held that the plaintiff had alleged a conspiracy claim under § 1983 against the defendant prison officials.  See also Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) ("Establishing liability for a conspiracy between a private actor and a state actor

is no different from establishing liability for a conspiracy between two state actors.").[1]

Plaintiffs' conspiracy claim fails for a different reason. Plaintiffs' conspiracy claim fails because Plaintiffs have not alleged sufficient facts supporting the existence of a conspiracy. To establish a conspiracy under § 1983, a plaintiff must satisfy the following elements: (1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights; and (2) an actual deprivation of those rights resulting from that agreement. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010). Plaintiffs have not alleged facts showing the existence of an agreement among Defendants to violate their constitutional rights. Even assuming that there were constitutional violations, such misconduct does not establish the existence of an agreement among Defendants to violate Plaintiffs' civil rights.

Accordingly, the Court grants Defendants' motion to dismiss as to Plaintiffs' fifth cause of action for conspiracy. Plaintiffs may amend their complaint to set forth specific facts in support of their conspiracy claim.

B. Monell Claim

Plaintiffs' second cause of action asserts a Monell claim against the County of San Diego. Plaintiffs allege that on information and belief, the County, through its Sheriff's Department has an unlawful policy, custom or habit of: permitting or condoning the unnecessary and unjustified use of force by sheriff's deputies; permitting or condoning acts of unlawful detention, false arrest and unlawful search and seizure; and inadequate hiring, training, supervision and discipline of deputies. (Compl. ¶¶ 32-35.)

Previously, the Ninth Circuit held that a Monell claim was sufficient to withstand a motion to dismiss even if the claim was based on "nothing more than a bare allegation that

---

[1] Defendants also argue that under California law, one cannot be held liable for conspiring to violate Cal. Civ. Code § 52.1. However, none of the authority cited by Defendants precludes a claim for conspiracy to violate § 52.1. Indeed, courts have allowed plaintiffs to pursue conspiracy claims under § 52.1. See e.g., Garcia v. City of Sanger, 2009 WL 13623693, at *10 (E.D. Cal. May 14, 2009) (granting plaintiff leave to amend complaint to allege a claim for conspiracy to violate § 52.1); Garcia v. City of Merced, 637 F. Supp. 2d 731, 758 (E.D. Cal. Jan. 10, 2008) (same).

the individual officers' conduct conformed to official policy, custom, or practice." <u>Karim-Panahi v. Los Angeles Dept.</u>, 839 F.2d 621, 624 (9th Cir. 1988) (internal quotation marks and citation omitted). However, since then, <u>Twombly</u> and <u>Iqbal</u> have made it clear that conclusory allegations that merely recite the elements of a claim are insufficient for 12(b)(6) purposes.

Here, Plaintiffs' <u>Monell</u> claim consists of formulaic recitations of the existence of unlawful policies, customs, or habits. Plaintiffs do not allege any specific facts giving rise to a plausible <u>Monell</u> claim. Therefore, Defendants' motion to dismiss is granted as to Plaintiffs' second cause of action. The Court grants Plaintiffs leave to amend their complaint to make factual allegations in support of their <u>Monell</u> claim.

Defendants move to dismiss the Complaint as to Sheriff William Kolender on the ground that there are no allegations of misconduct by Kolender. The Court notes that it is unclear whether Plaintiffs intend Kolender to be a defendant. Although Kolender is included in a list of defendants in Paragraph 3 of the Complaint, Kolender is not listed as a defendant in the caption of the Complaint, and it does not appear that he has been served. At any rate, Kolender would be an appropriate defendant to the extent Plaintiffs state a <u>Monell</u> claim based on Sheriff's Department policies or practices.[2]

C. <u>Section 52.1 Claim</u>

California Civil Code § 52.1 gives rise to a claim where "a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any

---

[2] Relying on <u>Venegas v. County of Los Angeles</u>, 32 Cal. 4th 820 (2004), Defendants contend that the County cannot be held liable in connection with any policy pertaining to the Sheriff's law enforcement activities because the Sheriff is a state actor not a final county policy maker when engaged in law enforcement functions. However, this Court follows <u>Brewster v. Shasta County</u>, 275 F.3d 803 (9th Cir. 2001), in which the Ninth Circuit held that county sheriffs in California act on behalf of the county, not the state, when investigating crime. See <u>Streit v. County of Los Angeles</u>, 236 F.3d 552, 561 (9th Cir. 2001) (explaining that when determining section 1983 liability, federal courts must undergo an "*independent* analysis of California's constitution, statutes, and case law.") (Emphasis added).

individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Plaintiffs contend that Defendants violated § 52.1 by their "acts of unjustified physical violence, unlawful detention, false arrest and imprisonment," which constituted unlawful seizures. (Compl. ¶ 57.)

Defendants argue that the County cannot be sued for violating § 52.1 because it is not a "person" within the meaning of the statute. However, the County can be held liable under the theory of respondeat superior pursuant to Cal. Gov't Code § 815.2(a), which provides: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." See Ohlsen v. County of San Joaquin, 2008 WL 2331996, at * 5 (E.D. Cal. June 4, 2008) (holding that plaintiff prevailed on his § 52.1 claims against the County on a theory of respondeat superior based on sheriff's deputies' warrantless entry and arrest of plaintiff in his home); Santos v. City of Culver City, 228 Fed. Appx. 655 (9th Cir. 2007) (reversing grant of summary judgment and remanding to district court for consideration of claim that City was liable for violation of § 52.1 under the theory of respondeat superior).

Defendants also argue that Plaintiffs have failed to state a § 52.1 claim because Plaintiffs have not identified threats, intimidation, or coercion independent of the alleged constitutional violation. Defendants rely on Justin v. City and County of San Francisco, 2008 WL 1990819, at *9 (N.D. Cal. 2008), where the court held, "Section 52.1 is only applicable when a defendant intends by his or her conduct to interfere with a separate, affirmative right enjoyed by a plaintiff; it does not apply to a plaintiff's allegation of use of excessive force absent a showing that the act was done to interfere with a separate state or federal constitutional right." Id. at * 9.

In Venegas v. County of Los Angeles, 32 Cal. 4th 820 (2004), however, the California Supreme Court did not say anything about a requirement that the use of a threat, intimidation, or coercion be separate and apart from the alleged constitution violation. In Venegas, the plaintiffs brought a claim under § 52.1 for unreasonable search and seizure.

The California Supreme Court held that the California Court of Appeal correctly held that plaintiffs adequately stated a cause of action under § 52.1 because plaintiffs need only allege that the unconstitutional search and seizure violations "were *accompanied* by the requisite threats, intimidation, or coercion." Id. at 843. (Emphasis added.) It does not appear that the plaintiffs in Venegas alleged that there was any use of force or coercion beyond the unreasonable search and arrest.

Based on Venegas, courts within the Ninth Circuit have disagreed with Justin, and have held that plaintiffs may base a § 52.1 claim on the threats, intimidation, or coercion exercised in connection with the alleged use of excessive force or unreasonable search or seizure. For example, in Haynes v. City and County of San Francisco, 2010 WL 2991732, at * 7 (N.D. Cal. July 28, 2010), the court held that the act underlying the excessive force claim – pushing plaintiff into the wall– was sufficient evidence to create a genuine issue of material fact as to whether the defendant acted with threats, intimidation, or coercion. See also Knapps, 647 F. Supp. 2d at 1168 (explaining that because the force used by the defendant officers was excessive, the defendants were liable under § 52.1 - "The elements of a section 52.1 excessive force claim are essentially identical to those of a §1983 excessive force claim."); Moreno v. Town of Los Gatos, 267 Fed. Appx. 665 (9th Cir. 2008) (reversing dismissal of §52.1 claim because officers' threat to arrest some of the plaintiffs and actual arrest of others may have coercively interfered with their Fourth Amendment rights).

The Court is not convinced that § 52.1 requires that there be threats, intimidation, or coercion beyond the unconstitutional use of force or unreasonable search or seizure. Accordingly, the Court denies Defendants' motion as to Plaintiffs' § 52.1 claim.

### IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion is **GRANTED** as to Plaintiffs' second cause of action (Monell claim) and Plaintiff's fifth cause of action (civil conspiracy). These

claims are **DISMISSED** for failure to state a claim. Defendants' motion is otherwise **DENIED**. The Court grants Plaintiffs leave to amend their complaint to correct the deficiencies identified above. Any amended complaint must be filed within 20 days of the entry of this order. If no amended complaint is filed by the 20th day, Defendants shall file an answer to the original complaint within 10 days thereafter.

**IT IS SO ORDERED.**

DATED: February 14, 2011

Honorable Barry Ted Moskowitz
United States District Judge